## GERHARD & HEY CO., INC. v. UNITED STATES

No. 5632.—Invoice dated Copenhagen, Denmark, December 23, 1938.
 Certified January 3, 1939.
 Entered at New York, N. Y., January 18, 1939.
 Entry No. 788166.

### First Division, Appellate Term

(Decided May 11, 1942)

*Daniel P. McDonald* for the appellant.
*Paul P. Rao*, Assistant Attorney General (*William J. Vitale*, special attorney), for the appellee.

Before OLIVER and WALKER, Judges.

OLIVER, Presiding Judge: This is an appeal from a decision of the trial judge sitting in reappraisement (Reap. Dec. 5004), which involves the proper dutiable value of certain hops exported from Poland on January 3, 1939, and entered at the port of New York on January 18, 1939.

Unlike the usual appeal to reappraisement, this is a case where the importer (appellant) seeks a higher value than that found by the appraiser. The reason for this unusual situation lies in the fact that the rate of duty applicable is dependent on the value of the merchandise. The *eo nomine* provision for hops under paragraph 780 of the Tariff Act of 1930 makes such merchandise dutiable at 24 cents per pound, but the trade agreement with Czechoslovakia (T. D. 49458), and applicable herein, has modified that paragraph by reducing the rate of duty on hops valued at 30 cents or more per pound to 18 cents per pound. This left hops valued at less than 30 cents per pound still dutiable at 24 cents per pound. The appraised value of the merchandise at bar was 26½ cents per pound and therefore dutiable at 24 cents per pound. Appellant is contending for an export

value that is in excess of 30 cents per pound which would make the instant merchandise properly dutiable at 18 cents per pound.

The lower court found that the evidence was insufficient to overcome the presumption of correctness that attaches to the appraiser's finding, and accordingly sustained the appraised value.

The shipment in question involves three items which are set forth on the one invoice as follows:

| | | |
|---|---|---|
| 5666.49 lbs Hops @ 100 lbs | | $56.00 plus sacks |
| 2853.44 lbs Hops @ 100 lbs | | $54.00 plus sacks |
| 2835.42 lbs Hops @ 100 lbs | | $50.00 plus sacks |

The invoice states that the above prices are c. i. f. prices including customs duty. The invoice also lists the nondutiable charges of inland freight, f. o. b. charges, ocean freight, insurance, and consular fee, totalling $333.35.

It appears from the record that the value found by the appraiser represents the foreign value of the merchandise, and appellant claims that the proper basis for appraisement is export value. Appellant has therefore assumed the burden of establishing that the presumptively correct value found by the appraiser is erroneous and in addition must affirmatively establish his claimed value to be correct.

In support of its contention, appellant introduced at the trial below an affidavit (exhibit 1) executed by the foreign shipper of the instant merchandise, and in addition the oral testimony of the import manager of the plaintiff corporation.

The affidavit (exhibit 1) enumerates four sales of hops that were made in the foreign market for export to the United States in the year 1938. Three of those sales comprise the importation under consideration. They are shown in the affidavit as follows:

| Date | Quantities sold | Price per 100 lbs. |
|---|---|---|
| April 15, 1938 | 1787 Pounds | $48 |
| November 9, 1938 | 5666. 49 Pounds | $56 |
| November 9, 1938 | 2835. 42 Pounds | $50 |
| November 13, 1938 | 2853. 44 Pounds | $54 |

It is stated by the affiant that the above prices include "inland freight, ocean freight, trucking, insurance and duty, and freight within the United States from New York to customer's place of business." Affiant further states that Dubno is the principal market in Poland for hops and that the "wholesale quantity of hops sold for export to the United States ranges from 1787 to 5666 pounds," which is the range in quantities of the sales referred to.

The witness further states, in his affidavit, as follows:

(15) That the prices at which deponent sold the four shipments of hops for export to the United States represented the wholesale market for hops of such quality as of December 22, 1938.

The statute, section 402 (d) of the Tariff Act of 1930, specifically provides that export value shall be the price at which merchandise is *freely offered for sale to all purchasers*. The words "wholesale market" used alone by the witness in his testimony do not, in our judgment, warrant a construction which would meet the requirements of the law with respect to freely offered prices.

The witness further states that the export prices set forth in his affidavit are prices as of December 22, 1938, which is 12 days prior to the actual date of exportation, to wit, January 3, 1939. The sales for export, enumerated above, reflect what appears to be a highly fluctuating market for this commodity. Of the four sales reported, two were made on November 9, 1938, each at different prices. Although all these prices are c. i. f. prices, we are unable to determine from the record herein to what degree the base price fluctuated. Another sale was made on November 13, 1938, at a c. i. f. price different from either of the prices given for the two sales made on the 9th day of the same month. The fourth sale reported was made approximately 8½ months prior to the date of exportation of the instant merchandise at a price lower than any of the others. No two of these prices are the same. In the light of these records, it is fair to assume that within the 12-day period that elapsed between the date mentioned in the affidavit and the date of exportation of these hops, a sharp decline or increase in the market prices for that class of merchandise may have occurred. There is no mention in the affidavit that the market for hops, such or similar to those in question, remained constant between the two dates involved. On the contrary, the variation in prices leads to a permissible conclusion that an entirely different value may have prevailed at the time of exportation of this merchandise. If no actual sales were made at that time, bona fide offers for sale could have been shown, if made. It is settled law that where no sales have been made, offers for sale may properly form the basis for determining value. *Oceanic Trading Co.* v. *United States* (21 C. C. P. A. 146, T. D. 46478).

It was incumbent on appellant to submit competent evidence of the *per se* value of the instant merchandise on the date of exportation thereof. In reaching that conclusion, we have in mind the particular commodity in question and the market therefor as disclosed by the record before us. If it appeared that the merchandise was sold at a fixed price in a market that remained stable for some definite period, sales and offers for sale within a reasonable time from the date of exportation might be competent in determining dutiable value. *Blumenthal* v. *United States* (12 Ct. Cust. Appls. 176, T. D. 40166).

Nowhere, in the affidavit or in the testimony, is there any evidence as to the *per se* or basic price of such or similar hops in Poland for export to the United States. The only method shown for ascertaining

the value of these hops is a series of mathematical calculations using as a basis the rate of duty of 18 cents per pound which would be applicable only in the event the value of the merchandise is 30 cents or more per pound. By the use of this method of figuring, appellant has arrived at a value of $.301 per pound and thereby seeks to justify the rate of duty of 18 cents per pound as applicable to this merchandise. If the rate of duty of 24 cents per pound were used in these calculations the resulting value would admittedly be less than 30 cents per pound.

We are of opinion that appellant has failed to establish by any competent proof the export value claimed, to wit, 30 cents or more per pound, for the hops in question. Accordingly we concur in the finding of the trial court and hold that the evidence adduced herein fails to overcome the presumption of correctness attaching to the value found by the appraiser.

The judgment of the lower court is affirmed. Judgment will be rendered accordingly.